PEOPLE v JONES

Docket No. 112184. Submitted September 6, 1989, at Lansing. Decided October 16, 1989.

Police, acting on a tip from an anonymous informer that Reese W. Jones was selling cocaine from his licensed party store and that the cocaine was stored in a wooden box in a storeroom and a metal box near the cash register, entered the party store for the purpose of making an inspection pursuant to the Liquor Control Act. Jones initially had no objection to the inspection, however, he thereafter refused a police request to open the wooden box in a storage room. While two officers remained on the premises, the third officer secured a search warrant to search the two designated boxes plus the rooms and compartments of the store. The police found that the wooden box contained marijuana, hashish, some pills and drug paraphernalia. A safe near the cash register was found to contain a large number of pills and cash. One officer observed a plastic baggie jammed between a heating duct and the ceiling in the storage room and found that the baggie contained packets of a white powder, which was later determined to be cocaine. Jones was charged with possession of less than fifty grams of cocaine, possession of marijuana and failure to present a pistol for a safety inspection. At the preliminary examination on the cocaine count, defendant moved in 51-1 District Court to suppress as evidence the cocaine seized at his party store on the basis that it was the fruit of an unlawful search and seizure. The district court, Martin L. Boyle, J., granted the motion to suppress and dismissed the cocaine count. The prosecution appealed, and the Oakland Circuit Court, Hilda Gage, J., reversed the district court's dismissal and reinstated the original charge. Thereafter, defendant was convicted on his plea of guilty in Oakland Circuit Court, David F. Breck, J., to possession of less than fifty grams of cocaine under a plea agreement which preserved his right to appellate review of the search and

REFERENCES

Am Jur 2d, Intoxicating Liquors § 468; Searches and Seizures § 15.
See the Index to Annotations under Administrative Law; Intoxicating Liquors; Search and Seizure.

seizure issue and led to the dismissal of the other two counts. Defendant appealed.

The Court of Appeals *held:*

The police officers were statutorily empowered to inspect defendant's premises for violations of the Liquor Control Act or the rules of the Liquor Control Commission. The presence or sale of drugs or drug paraphernalia on a licensed premises is in violation of the rules of the Liquor Control Commission. The officers thus had statutory authority to make the search of the premises and to seize the contraband pursuant to the commission's rules. Since defendant did not challenge either the constitutionality of the provisions of the Liquor Control Act or the right of these officers to undertake the inspection of the premises pursuant to that act, the drugs and paraphernalia were properly seized even without the securing of the search warrant.

Affirmed.

SEARCHES AND SEIZURES — CONTROLLED SUBSTANCES — LIQUOR CONTROL ACT — SEARCHES WITHOUT A WARRANT.

Police officers are statutorily authorized to search without a warrant the premises of a licensed liquor establishment for the purpose of discovering any violations of the Liquor Control Act or the rules promulgated pursuant to that act by the Liquor Control Commission and to seize any evidence of a violation of the act or the rules; since the sale, possession or consumption of any controlled substances on a licensed premises or the use, storage, or exchange of narcotics paraphernalia on a licensed premises are prohibited under the rules of the Liquor Control Commission, such items if found during the search of a licensed premises may be seized without a warrant (MCL 436.7a[2]; MSA 18.977[1][2]; 1985 AACS, R 436.1011[5][d] and [e]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Paul J. Fischer,* Assistant Prosecuting Attorney, for the people.

*Paul M. Stoychoff,* for defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and SAWYER and CAVANAGH, JJ.

Sawyer, J. Defendant pled guilty to delivery of less than fifty grams of a controlled substance. MCL 333.7401(1) and (2)(a)(iv); MSA 14.15(7401)(1) and (2)(a)(iv). He was sentenced upon his conviction to serve a term of two to twenty years in prison. He now appeals and we affirm.

Defendant's plea of guilty was conditioned upon the reservation of his right to raise on appeal the question of the validity of a search and seizure. Briefly, a White Lake Township police officer, Randy Lingenfelter, received an anonymous tip that defendant was selling cocaine out of a party store that he owned. The informant described a wooden box with a smoked-glass top on a shelf in the back of a storage room in the party store. According to the informant, the box contained cocaine. The informant also indicated that cocaine and money from the sales of cocaine were sometimes kept in a metal box near the cash register.

After receiving the tip, Lingenfelter contacted the Attorney General's office to confirm that he had the authority under the Liquor Control Act, MCL 436.1 *et seq.*; MSA 18.971 *et seq.*, to search and inspect the party store. The assistant attorney general confirmed that he did, but cautioned him to obtain a warrant if at all possible to avoid any problems.

Lingenfelter and other officers went to defendant's party store, known as "Bud's Party Store," and announced to defendant that they were carrying out a "liquor inspection." Defendant responded "fine" and showed Lingenfelter his liquor license which was posted on a wall behind the cash register. Lingenfelter then inspected the coolers, a storage room, and finally found the "beer room" to which the informant had referred. He found a box with a smoked-glass lid on a shelf in the room, as described by the informant. Lingenfelter asked

defendant to open the box and defendant refused. By this point, defendant had telephoned his attorney, who apparently advised defendant not to allow Lingenfelter to look into the box unless Lingenfelter had a warrant. Meanwhile, another officer found a metal box and a sawed-off shotgun behind the counter.

Lingenfelter left officers Harris and Gravlin at the premises and went to obtain a search warrant for the metal and wooden boxes as well as the rooms and compartments of the store. A warrant was obtained and Lingenfelter returned to the store and served the warrant. He opened the wooden box, which contained marijuana, hashish, "a couple of pills," and paraphernalia. A miniature safe by the cash register was also opened and found to contain cash and approximately 115 pills. Additional pills were found in the cash register. Lingenfelter again returned to the beer room, and while looking around he noticed a plastic baggie jammed between the heat duct and the ceiling. The baggie contained numerous white packets, with the white packets containing a white powdery substance later determined to be cocaine.

At the preliminary examination, defendant objected to a bindover, arguing that the evidence seized was based upon an illegal search. The examining magistrate agreed, and refused to bind defendant over for trial. In essence, the magistrate concluded that the search under the Liquor Control Act was a subterfuge and that any legitimate Liquor Control Act interest had been exhausted prior to obtaining the warrant. The people appealed and the circuit court reinstated the original charges and ordered that defendant be bound over for trial in circuit court. The court specifically held that the search warrant was validly issued and

that the officers seized evidence discovered in plain view. Defendant then entered his plea, conditioned upon being allowed to raise the legitimacy of the search and seizure on appeal.

We believe that the validity of the search involved in the case at bar can be resolved by determining the scope of the authority of a police officer to search a licensed liquor establishment under the authority granted under the Liquor Control Act and that we need not determine the validity of the search warrant which was issued after the officers' initial investigation.

MCL 436.7a(2); MSA 18.977(1)(2) provides as follows:

A licensee shall make the licensed premises available for inspection and search by a commission investigator or law enforcement officer empowered to enforce the commission's rules and Act No. 8 of the Public Acts of the Extra Session of 1933, as amended, being sections 436.1 to 436.58 of the Michigan Compiled Laws during regular business hours or when the licensed premises are occupied by the licensee or a clerk, servant, agent, or employee of the licensee. Evidence of a violation discovered pursuant to this subsection may be seized and used in an administrative or court proceeding.

Initially, it should be pointed out that defendant does not challenge the constitutionality of this statute. Nor does defendant argue that the police officers involved in this case were not authorized to conduct searches of licensed premises under the statute. That is, defendant does not challenge the authority of these officers to conduct without a warrant a search as authorized by the statute. Rather, defendant argues that the search exceeded

the scope of authority granted by the statute. We disagree.[1]

Defendant directs our attention to MCL 436.7a(1); MSA 18.977(1)(1), which authorizes the Liquor Control Commission to make any investigation it considers proper in administering the Liquor Control Act and the rules promulgated pursuant to that act, and to MCL 436.7a(3); MSA 18.977(1)(3), which authorizes the commission or its agent to examine or copy the books, records, and papers of any person relative to a requirement of the act to which access is obtained pursuant to the act. In relying on the provisions of subsection 1 and subsection 3, defendant concludes that subsection 2 must be read as merely authorizing the commission to inspect the books and records of defendant. We disagree. Subsection 3 does authorize the inspection of books and records. Subsection 2 does not, by its terms, restrict itself to effectuating an inspection of those books and records. Rather, it very broadly authorizes the inspection and search of the premises. It does not restrict itself to authorizing an inspection and search of the premises for the books and records.[2] Rather, we conclude that MCL 436.7a(2); MSA

[1] We should note, however, that searches within the scope of the liquor statute would come under the so-called pervasively regulated industry doctrine as an exception to the warrant requirement. See *Tallman v Dep't of Natural Resources*, 421 Mich 585; 365 NW2d 724 (1984). In *Tallman*, the Court established a seven-factor test for determining the legality of a search without a warrant of the premises in a licensed industry. However, we need not apply the *Tallman* test to the instant case since, as noted above, defendant does not challenge the validity of the statute, merely arguing that the officers exceeded the scope of the authority granted by the statute.

[2] Indeed, the case relied upon by defendant, *People v Barnes*, 146 Mich App 37; 379 NW2d 464 (1985), is inapplicable to the case at bar. In *Barnes*, which dealt with the scrap metal industry, the authorities attempted to rely on a statutory provision which authorized the inspection of records and inventory by police officers during reasonable or established business hours. As noted above, the statute involved in this case is not so restrictive.

18.977(1)(2) authorizes, at a minimum, the search without a warrant of any licensed premises for the purpose of discovering any violation of the Liquor Control Act or the regulations promulgated pursuant to that act.

With respect to whether the contraband constituted a violation of the Liquor Control Act or the regulations under that act, it does. 1985 AACS, R 436.1011(5) provides as follows:

> A licensee, or the clerk, servant, agent, or employee of the licensee, shall not do any of the following:
>
>         \*     \*     \*
>
> (d) Allow the sale, possession, or consumption on the licensed premises of any controlled substances which are prohibited by Act No. 368 of the Public Acts of 1978, as amended, being § 333.1101 et seq. of the Michigan Compiled Laws.
>
> (e) Allow narcotics paraphernalia to be used, stored, exchanged, or sold on the licensed premises.

See also 1985 AACS, R 436.1011(1) (prohibiting a licensee or his employee from engaging in any illegal occupation or illegal act on the licensed premises). Thus, since the presence of a controlled substance on the premises does constitute a violation under the liquor regulations, the officers were conducting a search for a violation under the act and, therefore, were acting within the scope of authority granted to them by the statute.[3]

---

[3] To the extent that defendant argues that we should draw a distinction based upon the apparent intent of the officers to enforce a criminal statute as opposed to merely citing defendant for a violation of the liquor regulations, we are unpersuaded that such a distinction should be drawn. It is not the officers' role to determine whether an individual should be criminally charged or merely face administrative actions against the liquor license. Where evidence is found, such as is the case here, which would support both a criminal charge and an

Because we conclude that the search without a warrant of defendant's business premises was authorized under the statute, we need not determine whether the warrant was properly issued, since no warrant was even necessary.[4]

For the above reasons, we affirm the decision of the circuit court.

Affirmed.

CAVANAGH, J., concurred.

MICHAEL J. KELLY, P.J., concurred in result only.

administrative proceeding under the Liquor Control Act, it is the prosecuting attorney and the Liquor Control Commission who determine what action should be taken, not the individual police officer. Accordingly, it is immaterial whether the officers at the time of the search have a desire to see a suspect criminally charged for the act which is also a violation of the liquor regulations, even if that is the officers' primary motivation for conducting the search. It is sufficient that the officers were searching for evidence which, if found, would establish a violation under the liquor regulations.

[4] We would, however, commend the officers' actions in restricting their initial search without a warrant to that which was necessary to confirm the informant's tip and in then seeking a warrant. It is always preferable for an officer to obtain a warrant, even though he might be justified in searching without a warrant. The officers certainly cannot be condemned for erring on the side of caution in deference to a person's right not to be subjected to a search without a warrant.